(No. 12866.—Judgment reversed.)

THE EMERY MOTOR LIVERY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CATHERINE CREEGAN, Admx. Defendant in Error.)

*Opinion filed February 18, 1920.*

WORKMEN'S COMPENSATION—*when injury to an intoxicated employee does not arise out of his employment.* A chauffeur for a motor livery company who is sent away from his employer's garage because he is too intoxicated to do his work ceases to be in the employ of the company, regardless of whether or not he was permanently discharged when sent away, and his subsequent unwitnessed injury from falling down an elevator shaft in the garage about half an hour after he had been sent away does not arise out of his employment, even though he may have returned to the garage to use a wash-room near the elevator.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

JOHN A. BLOOMINGSTON, for plaintiff in error.

FREUNDLICH & FROEHLICH, (DAVID FROEHLICH, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is brought to review a judgment of the circuit court of Cook county confirming the finding of the Industrial Commission awarding compensation to defendant in error for an injury resulting in the death of John A. Creegan.

Plaintiff in error operates a motor car livery service in the city of Chicago and at the time of the accident resulting in the death of Creegan it employed Creegan as a chauffeur. About 10:30 o'clock P. M. April 8, 1916, plaintiff in error, in response to a call for a taxicab from a patron, Joseph F. Kyle, sent deceased with a car to Sixty-eighth street and Dorchester avenue. Kyle entered the car and directed deceased to drive him first to Thirty-ninth street. Creegan drove very recklessly and seemed to have no control over the car. When Kyle got out of the car at Thirty-ninth street he noticed that deceased was intoxicated but made no complaint. After attending to his business at this point Kyle again entered the car and directed the driver to go to Thirty-first street. The driving became steadily worse, the car swerving from one side of the street to the other in a reckless manner and twice narrowly missed striking street cars. At Thirty-first street Kyle told deceased to take the car back to the garage and telephoned plaintiff in error that deceased was not fit to drive the car; that he was sending him in and that it should send him another car. Deceased followed Kyle into a cafe and tried to convince the latter that he was in condition to drive the car. Deceased could not carry himself straight, stood unsteadily and did not talk normally. He was put out of the cafe because of his intoxicated condition. Thomas Hatt, night manager of plaintiff in error, sent another car for Kyle, and after waiting some time heard deceased drive into the garage with the car he was driving. Hatt went out to deceased and found that he was drunk. He took deceased to the

incline at the entrance of the building and told him to go home and that he was through with him. Hatt saw deceased leave the building and then went about his work. About half an hour later Hatt heard a noise in the rear of the building and went back to investigate. He found the elevator lowered to the ground floor, and when he had run it up to the level of the garage floor he found deceased lying on it, with his head toward the main part of the garage. The elevator and the wash-room are in the rear or southwest corner of the building and the entrance or runway down which Hatt had sent deceased is in the northeast corner of the building. The police officer who brought the ambulance to take deceased to the hospital testified that he smelled liquor from the deceased. These facts are undisputed, and the only question presented to us for decision is whether the accident arose out of and in the course of the employment of deceased.

We held in *Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316, that whenever an employee is so drunk and helpless that he can no longer follow his employment he cannot be said to be engaged in his employment and when injured while in that condition his injury does not arise out of his employment. It is clear from the undisputed evidence that deceased was considered by his employer to be in an unfit condition to be of further use and he was told to leave the garage. Whether or not he was finally discharged is immaterial. After he was sent from the building he was no longer in the employ of plaintiff in error, and whatever occurred to him after the employment ceased can not be said to have occurred in the course of his employment. We think it clear from the evidence that the accident which caused the death of deceased arose out of his drunken condition rather than out of his employment.

The judgment of the circuit court is therefore reversed and the finding of the Industrial Commission is set aside.

*Judgment reversed.*